Electronically Filed 4/12/2023 10:01 AM
Stacey Kemp County Clerk
Collin County, Texas
By: Angie Fortner, Deputy
Envelope ID: 74557269

CAUSE NO. 007-01035-2023

| | | |
|---|---|---|
| ETHAN RODRIGUEZ | § | IN THE COUNTY COURT-AT-LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. _____ |
| | § | |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY AND | § | |
| ALEXIS LISSETE MATA | § | |
| | § | |
| Defendants. | § | OF COLLIN COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED PETITION

NOW COMES ETHAN RODRIGUEZ, "**Plaintiff**", and files this Plaintiff's First Amended Petition complaining of AMICA INSURANCE COMPANY and ALEXIS LISSETE MATA, "**Defendants**", and would respectfully show to the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff designates a Level II discovery control plan.

### II.
### PARTIES

Plaintiff resides in Dallas County, Texas.

Defendant Amica Insurance is a foreign insurance company authorized to transact business in the State of Texas. Service of process can be made on the registered agent, Attorney Amy Mund, located at 2150 Town Square Place, Suite 600, Sugarland, Texas 77479.

Defendant Alexis Lissete Mata is an individual. Her normal place of abode is located at 1105 Bacon Hill Drive, Irving, Texas 75061. No service of process is requested and is not required.

## III.
## VENUE AND JURISDICTION

1. Venue in this case is proper in Rockwall County, Texas, pursuant to § 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that because all or a substantial part of the accident that forms the basis of this lawsuit occurred in Collin County, Texas.

2. This Court has subject matter jurisdiction over this case because the amount in controversy exclusive of costs and interest is within the jurisdictional limits of this Court.

3. Venue in this case is proper pursuant to § 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to the claims occurred in Collin County, Texas.

4. This Court has subject matter jurisdiction over this case because the amount in controversy, exclusive of costs and interest, is within the jurisdictional limits of this Court.

5. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

## IV.
## FACTS

6. On June 4, 2021, Plaintiff Rodriguez was driving his 2014 Dodge Charger in the left lane in a westerly direction in the 1000 block of Plano Parkway in Plano, Texas. Defendant Alexis Lissete Mata was driving a 2019 blue Ford Mustang car also in a westerly direction in the 1000 block of Plano Parkway.

7. There were two vehicles ahead of Plaintiff's car that were stopped for traffic. Defendant Lissete Mata crashed into the rear of Plaintiff's car thereby knocking Plaintiff's car into the rear of the vehicle directly in front of him causing Plaintiff to sustain injuries.

## V.
## NEGLIENCE OF DEFENDANT MATA

8. Alexis Lissete Mata's acts of negligence proximately caused the accident and Plaintiff's injuries.

9. Alexis Lissete Mata's negligent acts, omissions, and statutory violations were the direct and proximate causes of the accident in question and the resulting injuries and damages sustained by Plaintiff. The statutory violations constitute negligence *per se*.

10. Plaintiff has resolved and settled all of his claims with Alexis Lissete Mata's liability insurance company, with the permission from Plaintiff's liability insurance company, Defendant Amica Mutual Insurance Company, for the policy limits.

## VI.
## CAUSES OF ACTION AGAINST AMICA INSURANCE COMPANY

11. At the time of the accident, Plaintiff was insured by Amica Mutua Insurance Company, hereinafter referred to as "**Amica**". As part of Plaintiff's automobile policy, Plaintiff Ethan Rodriguez was covered as an insured against damage caused by underinsured motorists at the time of the collision made the basis of this lawsuit. Plaintiff would show that he is a beneficiary under a policy of insurance issued by Defendant Amica. Plaintiff is entitled to certain benefits under the uninsured/underinsured and personal injury protection provisions of the policy of insurance that was issued by Defendant Amica to or for the benefit of the Plaintiff.

12. At time of the accident, Plaintiff was protected against loss caused by bodily injury and property damage, and resulting from the ownership, maintenance, or use of an uninsured or underinsured motor vehicle by a policy of insurance issued by Defendant Amica.

13. Having determined that Alexis Lissete Mata was underinsured at the time of the occurrence, as those terms are defined under the policy of insurance, Plaintiff timely and properly

notified Defendant Amica, through its claims representatives of the accident. Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing suit.

14. Plaintiff would show that as a result of the negligence of Alexis Lissete Mata, the adverse driver, he sustained severe and permanent injuries, including but not limited to, injuries to his neck, back, and body generally.

15. All conditions precedent have been performed or have occurred. Nevertheless, Defendant Amica has failed and refused, and still fails and refuses, to pay Plaintiff benefits as it is contractually required to do.

## VII.
## BAD FAITH OF AMICA INSURANCE COMPANY

16. At the time of the automobile collision in question, Plaintiff Ethan Rodriguez was scheduled on an insurance policy written by Defendant Amica. Said insurance policy was purchased by Roberto Rodriguez. As part of Roberto Rodriguez's automobile policy, Plaintiff Ethan Rodriguez was insured against damage caused by underinsured motorist at the time of the collision made the basis of this lawsuit. More specifically, Plaintiff would show that he is a beneficiary under a policy of insurance issued by Defendant Amica which was assigned the claim number: 60004093817.

17. Plaintiff is entitled to certain benefits under the uninsured/underinsured and personal injury protection provisions of the policy of insurance which was issued by Defendant Amica to or for the benefit of the Plaintiff.

18. Plaintiff would also show that as a result of the adverse driver's negligence, he sustained severe and permanent injuries to his back, shoulders, head, neck, and body generally. For these injuries, Plaintiff is entitled to money damages against the Defendants in a sum far in excess of

the statutory jurisdictional limits of this Court and Roberto Rodriguez's policy limits with Defendant Amica.

19. Defendant Amica by and through its representatives and employees, Kelly Small, Jonelle Salmon, and David M. Yurkovich engaged in bad faith insurance claims handling. Employees, agents, and/or servants Jonelle Salmon and David M. Yurkovich of Defendant Amica and with Defendant Amica's full knowledge and ratification refused to tender a fair offer of settlement when liability was reasonably clear.

20. Defendant Amica, by and through its employees, agents, and/or representatives, including but not limited to its adjusters, Jonelle Salmon and David M. Yurkovich engaged in bad faith insurance claims handling. Jonelle Salmon and David M. Yurkovich and other employees, agents, or servants of Defendant Amica, and with Defendant Amica's full knowledge and ratification, refused to tender a fair offer of settlement when liability was reasonably clear. More specifically and by way of example, Defendant Amica's conduct includes, but not limited to, the following:

> After written demand to Amica to settle on behalf of Ethan Rodriguez for policy limits for the injuries he suffered, Defendant Amica offered two-thirds which is equivalent to $20,000.00 of the $30,000.00 policy limits to settle the claim of Ethan Rodriguez.

## VIII.
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

21. Plaintiff re-alleges paragraphs Numbers 1-21 herein and incorporate all previously stated facts herein by reference as if stated verbatim pursuant to Rule 58 of the Texas Rules of Civil Procedure for this cause of action against Defendant Amica.

22. Under Texas law, Defendant Amica owes its insured a duty of good faith and fair dealing. *Universal Life Ins. Co. v. Giles*, 950 S.W. 48 (Tex. 1997). Due to the special relationship that

exists between an insurance company and its insured, an insurance company is liable for breaching its duty of good faith and fair dealing owed to its insured when an insurance company fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability is reasonably clear, as it is in this case.

23. Defendant further breached its duties of good faith and fair dealing by failing and refusing to comply with Texas laws concerning Plaintiff's claims. Specifically, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act, to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices. The Act mandates that "no insurer doing business in this state under the authority, rules and regulations of this Code shall engage in unfair claim settlement practices."

24. In violation of this Unfair Claim Settlement Practices Act, Defendant Amica, its agents, employees, and representatives engaged in prohibited acts and practices including, but not limited to, the following:

   a. Not attempted in good faith to effect a prompt, fair, and equitable settlement of a claim in which liability was reasonably clear in violation of Sec. 542.003(a) and (b)(3); and

   b. Compelled the policyholder's covered insured, i.e., Plaintiff Ethan Rodriguez, to institute a suit to recover an amount due under a policy by offering nothing substantially less than the amount ultimately recovered in a suit brought by the policyholder in violation of Sec. 542.003(a) and (b)(5).

25. Due to Defendant Amica's breach of the duty of good faith and fair dealing and Defendant Amica's failure and refusal to pay Plaintiff's claims, Plaintiff has incurred actual damages, including:

   a. Medical expenses; and
   b. Additional interest due to the delay in the payment of this claim.

26. In addition, the conduct of Defendant Amica was committed with malice.[1] Further, because Defendant Amica ratified and approved of the actions of its agents, adjusters, employees, and representatives, who maliciously and wrongfully denied and delayed Plaintiff's claims, Plaintiff is entitled to recover punitive damages.

27. Plaintiff also seeks the recovery of his costs and reasonable attorneys' fees as are equitable and just pursuant to § 37.009 of the Texas Civil Practice and Remedies Code.

## IX.
## BREACH OF CONTRACT

28. Plaintiffs re-alleges and incorporates Paragraphs Numbers 1-28 herein by reference as if stated verbatim pursuant to Rule 58 of the Texas Rules of Civil Procedure; and all previously stated facts for this cause of action against Defendant Amica. Plaintiff and Defendant Amica had a valid and enforceable contract. Plaintiff performed, tendered performance, or was excused from performing his contractual obligations. Defendant Amica breached the contract. The breach caused Plaintiff's injuries.

## X.
## VIOLATIONS OF CHAPTER 541
## OF THE TEXAS INSURANCE CODE

---

[1] "Malice" means:
- A. A specific intent to cause a substantial injury; or
- B. An act or omission:
  - (i) which when viewed objectively from the standpoint of Defendant or its agents, employees, or representatives, including, but not limited to, Ethan Rodriguez, at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
  - (ii) of which Defendant, its agents, employees, or representatives had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of its insured.

PLAINTIFF'S SECOND AMENDED PETITION- PAGE 7

29. Plaintiffs re-allege and incorporate Paragraphs Numbers 1-29 herein by reference as if stated verbatim pursuant to Rule 58 of the Texas Rules of Civil Procedure; all previously stated facts for this cause of action against Defendant Amica.

30. The Texas Legislature enacted Chapter 541 of the Texas Insurance Code to regulate trade practices in the industry of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of compensation or unfair or deceptive acts or practices; and (2) prohibiting those trade practices. Further, the legislature made it clear that this Act "shall be liberally construed and applied to promote its underlying purposes as set forth in this section." See § 541.008 of the Texas Insurance Code.

31. In violation of Chapter 541 of the Texas Insurance Code, Defendant Amica, and the agents, adjusters, employees, or servants of Defendant Amica knowingly[2] and intentionally engaged in unfair methods of compensation and unfair and deceptive acts or practices in the business of insurance by engaging in Unfair Settlement Practices with respect to a claim by an insured or beneficiary, including, but not limited to:

   a. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
   b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
   c. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of the claim;
   d. Refusing, failing, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, expect as may be specifically provided in the policy;
   e. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and

---

[2] Under Article § 541.002 of the Texas Insurance Code, "Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim under Subchapter D is based. "Actual awareness" may be inferred if objective manifestations indicate that a person acted with actual awareness.

  f. With respect to a Texas personal auto policy, delaying or refusing settlement of a claim solely because there is other insurance of a different type available to satisfy all or part of the loss forming the basis of that claim.

## XI.
## RELIEF AVAILABLE TO INJURED PARTIES FOR VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

34. Pursuant to § 541.151 of the Texas Insurance Code, a person such as the Plaintiff who has sustained actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: (1) defined by Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment.

29. In a lawsuit filed under Chapter 541, any plaintiff who prevails may obtain:

  a. The amount of actual damages plus court costs and reasonable necessary attorneys' fees;
  b. An order enjoining such acts of failure to act complained of; or
  c. Any other relief which the Court deems proper; and
  d. On a finding by the trier of fact that the defendants knowingly committed the act complained of, the trier of act may award an amount not to exceed three times the amount of actual damages.

## XII.
## LIABILITY FOR VIOLATION OF THIS SUBCHAPTER

30. If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at a rate of 18 percent a year as damages, together with reasonable attorneys' fees. If a suit is filed, the attorneys' fees shall be taxed as part of the costs in the case.

## XIII.
## REMEDIES ARE NOT EXCLUSIVE

31. Further, pursuant to § 54.061 of the Texas Insurance Code, the remedies provided by this subchapter are in addition to any other remedy or procedure provided by law or at common law.

## XIV.
## DAMAGES TO PLAINTIFF

32. As a result of the accident, Plaintiff incurred reasonable and necessary medical expenses, and, in all reasonable probability, such medical expenses will continue in the future.

33. Plaintiff has experienced mental anguish in the past as a result of his physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of his physical injuries.

34. Plaintiff has experienced physical pain and suffering in the past as a result of his physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of his physical injuries.

35. Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

36. Plaintiff has suffered disfigurement in the past as a result of the incident and, in all reasonable probability, such disfigurement will continue in the future.

37. As a result of the above, Plaintiff seeks damages within the jurisdictional limits of this Court.

## XV.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

38. Plaintiff claims all lawful pre-judgment and post-judgment interest on the damages suffered.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiff has judgment against the Defendant for damages described herein, costs of suit, interest from the date of the incident until paid in full, and for such other relief to which Plaintiff may be justly entitled at law and in equity.

Respectfully Submitted,

**HENLEY & HENLEY, P. C.**

BY: /s/ Will Smith
     Will Smith
     State Bar No. 24110380
     E-Mail: wsmith@henleylawpc.com
     2520 Fairmount Street
     Suite 200
     Dallas, Texas 75201
     Tel. #: (214) 821-0222
     Fax #: (214) 821-0124

**ATTORNEY FOR PLAINTIFF**

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider



Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was automatically generated.